| Fill in this information to identify the case: |
|---|

United States Bankruptcy Court for the:

_____ Southern District of Texas _____
(State)

Case number *(if known)*: _____   Chapter __11__

☐ Check if this is an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy   12/15

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's Name** | **Southcross Holdings LP** |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | **None** |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **47-1137700** |

4. **Debtor's address**

| **Principal place of business** | **Mailing address, if different from principal place of business** |
|---|---|
| **1717 Main Street** | |
| Number          Street | Number          Street |
| **Suite 5200** | |
| | P.O. Box |
| **Dallas, Texas 75201** | |
| City                     State     Zip Code | City                     State     Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| **Dallas County, Texas** | |
| County | Number          Street |
| | |
| | City                     State     Zip Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | **http://www.southcrossholdings.com/** |
| 6. | **Type of debtor** | ☐ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br><br>☒ Partnership (excluding LLP)<br><br>☐ Other. Specify: _____ |

Debtor      **Southcross Holdings LP**                                    Case number *(if known)* _____
            Name

| | |
|---|---|
| **7. Describe debtor's business** | A. *Check One:* |
| | ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A)) |
| | ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B)) |
| | ☐ Railroad (as defined in 11 U.S.C. § 101(44)) |
| | ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A)) |
| | ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6)) |
| | ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3)) |
| | ☒ None of the above |

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**4862 (Pipeline Transportation of Natural Gas)**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (amount subject to adjustment on 4/01/16 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).  If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☒ A plan is being filed with this petition.

    ☒ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934.  File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form**.**

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

| | | | | | | |
|---|---|---|---|---|---|---|
| **9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**<br><br>If more than 2 cases, attach a separate list. | ☒ No<br>☐ Yes. | District | _____ | When | _____<br>MM/DD/YYYY | Case number |  _____ |
| | | District | _____ | When | _____<br>MM/DD/YYYY | Case number | _____ |

| | | | | | |
|---|---|---|---|---|---|
| **10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**<br><br>List all cases.  If more than 1, attach a separate list. | ☐ No<br>☒ Yes. | Debtor | **See Rider 1** | Relationship | **Affiliate** |
| | | District | **Southern District of Texas** | When | **3/27/2016**<br>MM / DD / YYYY |
| | | Case number, if known | _____ | | |

| Debtor | Southcross Holdings LP | Case number (if known) | |
|---|---|---|---|
| | Name | | |

**11. Why is the case filed in *this* district?**

Check all that apply:

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No.

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (Check all that apply.)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

_____
Number          Street

_____
City                        State        Zip Code

**Is the property insured?**

☐ No

☐ Yes.   Insurance agency  _____

Contact name  _____

Phone  _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

Check one:

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**
(On a consolidated basis)

| | | | | | |
|---|---|---|---|---|---|
| ☐ | 1-49 | ☒ | 1,000-5,000 | ☐ | 25,001-50,000 |
| ☐ | 50-99 | ☐ | 5,001-10,000 | ☐ | 50,001-100,000 |
| ☐ | 100-199 | ☐ | 10,001-25,000 | ☐ | More than 100,000 |
| ☐ | 200-999 | | | | |

**15. Estimated assets**
(On a consolidated basis)

| | | | | | |
|---|---|---|---|---|---|
| ☐ | $0-$50,000 | ☐ | $1,000,001-$10 million | ☐ | $500,000,001-$1 billion |
| ☐ | $50,001-$100,000 | ☐ | $10,000,001-$50 million | ☒ | $1,000,000,001-$10 billion |
| ☐ | $100,001-$500,000 | ☐ | $50,000,001-$100 million | ☐ | $10,000,000,001-$50 billion |
| ☐ | $500,001-$1 million | ☐ | $100,000,001-$500 million | ☐ | More than $50 billion |

| Debtor | Southcross Holdings LP | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

| **16. Estimated liabilities** | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| (On a consolidated basis) | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

| **17. Declaration and signature of authorized representative of debtor** | The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition. |
|---|---|

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on     **3/27/2016**
              MM/ DD / YYYY

✗    **/s/ Bret M. Allan**                       **Bret M. Allan**
      Signature of authorized representative of debtor        Printed name

Title    **Authorized Signatory**

| **18. Signature of attorney** | ✗    **/s/ Zack A. Clement** | Date    **3/27/2016** |
|---|---|---|
| |       Signature of attorney for debtor | MM/ DD/YYYY |

**Zack A. Clement**
Printed name

**Zack A. Clement PLLC**
Firm name

**3753 Drummond**
Number            Street

**Houston**                           **Texas**        **77025**
City                                  State        ZIP Code

**(832) 274-7629**                     **zack.clement@icloud.com**
Contact phone                             Email address

**04361550**                             **Texas**
Bar number                           State

**Fill in this information to identify the case:**

United States Bankruptcy Court for the :

Southern District of Texas
(State)

Case number *(if known)*: _____     Chapter ___11___

☐ Check if this is an
amended filing

## Rider 1
## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of Texas for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Southcross Holdings LP.

- Southcross Holdings LP
- Frio LaSalle GP, LLC
- Frio LaSalle Pipeline, LP
- Southcross Holdings Borrower GP LLC
- Southcross Holdings Borrower LP
- Southcross Holdings GP LLC
- Southcross Holdings Guarantor GP LLC
- Southcross Holdings Guarantor LP
- TexStar Midstream GP, LLC
- TexStar Midstream Services, LP
- TexStar Midstream T/U GP, LLC
- TexStar Midstream Utility, LP

**SOUTHCROSS HOLDINGS GP LLC, SOUTHCROSS HOLDINGS LP,
FRIO LASALLE GP, LLC, FRIO LASALLE PIPELINE, LP, SOUTHCROSS HOLDINGS
BORROWER GP LLC, SOUTHCROSS HOLDINGS BORROWER LP, SOUTHCROSS
HOLDINGS GUARANTOR GP LLC, SOUTHCROSS HOLDINGS GUARANTOR LP,
TEXSTAR MIDSTREAM GP, LLC, TEXSTAR MIDSTREAM SERVICES, LP, TEXSTAR
MIDSTREAM T/U GP, LLC, TEXSTAR MIDSTREAM UTILITY, LP
WRITTEN CONSENT OF THE BOARD OF DIRECTORS**

March 27, 2016

Pursuant to Section 17-405(d) of the Delaware Revised Uniform Limited Partnership Act, the Second Amended and Restated Limited Liability Company Agreement (the "LLC Agreement") of Southcross Holdings GP LLC, a Delaware limited liability company (the "General Partner"), the Second Amended and Restated Agreement of Limited Partnership (the "LP Agreement") of Southcross Holdings LP, a Delaware limited partnership (the "Partnership"), and the limited partnership and limited liability company agreements of the Partnership's direct and indirect wholly-owned subsidiaries Frio LaSalle GP, LLC, Frio LaSalle Pipeline, LP, Southcross Holdings Borrower GP LLC, Southcross Holdings Borrower LP, Southcross Holdings Guarantor GP LLC, Southcross Holdings Guarantor LP, TexStar Midstream GP, LLC, TexStar Midstream Services, LP, TexStar Midstream T/U GP, LLC, and TexStar Midstream Utility, LP (such subsidiaries, collectively with the General Partner and the Partnership, the "Company"), the undersigned, being requisite members of the board of directors (the "Board") of the General Partner, acting in accordance with the LLC Agreement, in lieu of holding a meeting of the Board, and waiving any notice required in connection herewith, each do hereby approve, adopt, and consent to the resolutions attached hereto as Exhibit A and the actions set forth therein with respect to the Company.

This consent may be executed in counterparts (including by means of .pdf signature pages), each of which shall be deemed an original for all purposes, and all of which shall constitute one and the same instrument.

*[Signature page follows]*

IN WITNESS WHEREOF, the requisite members of the Board have executed this written consent on the date first written above.

_____
Randall S. Wade

_____
Wallace C. Henderson

_____
Jason Downie

_____
Edward Herring

_____
Jon M. Biotti

_____
Kim Davis

_____
Eugene I. Davis

_____
Charles H. Cremens

IN WITNESS WHEREOF, the requisite members of the Board have executed this written consent on the date first written above.

_____

Randall S. Wade

_____

Wallace C. Henderson

_____

Jason Downie

_____

Edward Herring

_____

Jon M. Biotti

_____

Kim Davis

_____

Eugene I. Davis

_____

Charles H. Cremens

IN WITNESS WHEREOF, the requisite members of the Board have executed this written consent on the date first written above.

_____
Randall S. Wade

_____
Wallace C. Henderson

_____
Jason Downie (Mar 24, 2016)
Jason Downie

_____
Edward Herring (Mar 24, 2016)
Edward Herring

_____
Jon M. Biotti

_____
Kim g Davis (Mar 25, 2016)
Kim Davis

_____
Eugene I Davis (Mar 24, 2016)
Eugene I. Davis

_____
Charles H. Cremens

IN WITNESS WHEREOF, the requisite members of the Board have executed this written consent on the date first written above.

_____
Randall S. Wade

_____
Wallace C. Henderson

_____
Jason Downie (Mar 24, 2016)
Jason Downie

_____
Edward Herring

_____
Jon M. Biotti

_____
Kim Davis

_____
Eugene I. Davis

_____
Charles H. Cremens

IN WITNESS WHEREOF, the requisite members of the Board have executed this written consent on the date first written above.

_____
Randall S. Wade


_____
Wallace C. Henderson


_____
Jason Downie


_____
Edward Herring


_____
Jon M. Biotti


_____
Kim Davis


_____
Eugene I. Davis


_____
Charles H. Cremens

IN WITNESS WHEREOF, the requisite members of the Board have executed this written consent
on the date first written above.

_____
Randall S. Wade

_____
Wallace C. Henderson

_____
Jason Downie

_____
Edward Herring

_____
Jon M. Booth

_____
Kate Davis

_____
Eugene I. Davis

_____
Charles H. Cremens

_____
David W. Biegler

**Exhibit A**

**Resolutions**

1.   **VOLUNTARY PETITION FOR RELIEF UNDER THE BANKRUPTCY CODE.**

WHEREAS, the Board has reviewed and considered certain materials presented by the management of the Company and the Company's financial and legal advisors; including, but not limited to, materials regarding the liabilities and obligations of the Company, its liquidity, strategic alternatives available to it, and the effect of the foregoing on the Company's business, and has had adequate opportunity to consult such persons regarding the materials presented, obtain additional information, and to fully consider each of the strategic alternatives available to the Company;

RESOLVED, that in the judgment of the Board it is desirable and in the best interest of the Company, its interest holders, its creditors, and other parties in interest, that the Company file or cause to be filed voluntary petitions for relief (a "***Bankruptcy Petitions***") under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. §101 et seq. (as amended, the "***Bankruptcy Code***") for each member of the Company; and, in accordance with the requirements in the Company's governing documents and applicable law, hereby consent to, authorize and approve, the filing of the Bankruptcy Petitions; and

RESOLVED FURTHER, that authorized persons and/or officers of the Company, and any persons to whom such authorized persons and/or officers delegate certain responsibilities (collectively, and each acting alone or with one or more other persons, the "***Authorized Persons***"), be, and hereby are, authorized to execute and file on behalf of the Company all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, but not limited to, any action necessary to maintain the ordinary course operations of the Company's businesses.

2.   **RETENTION OF PROFESSIONALS.**

RESOLVED, that the Authorized Persons, be, and hereby are, authorized, empowered and directed to employ: (i) the law firm of Kirkland & Ellis LLP as general bankruptcy counsel, (ii) the law firm of Zack A. Clement, PLLC as bankruptcy counsel and conflicts counsel, (iii) Houlihan Lokey Capital, Inc. as financial advisor, (iv)  Alvarez & Marsal as restructuring advisor, (v) Epiq Systems as notice and claims agent, and (vi) any other legal counsel, accountants, financial advisors, restructuring advisors or other professionals the Authorized Persons deem necessary, appropriate or advisable; each to represent and assist the Company in carrying out its duties and responsibilities and exercising its rights under the Bankruptcy Code (including, but not limited to, the law firms filing any pleadings or responses); and in connection therewith, the Authorized Persons, be, and hereby are authorized, empowered and directed, in accordance with the terms and conditions hereof, to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain such services; and

RESOLVED FURTHER, that the Authorized Persons, be, and hereby are, authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers, and to perform such further actions and execute such further documentation that the Authorized Persons deem necessary, appropriate or desirable in accordance with these resolutions.

3.   **DEBTOR-IN-POSSESSION FINANCING.**

WHEREAS, the Board has reviewed and considered the materials presented by the Company's management team and the financial and legal advisors of the the Company, including the presentations regarding the liabilities and liquidity of the Company, the strategic alternatives available to it and the impact of the foregoing on the Company's business; and

WHEREAS, in the judgment of the Board, it is desirable and in the best interest of the Company, its interest holders, its creditors, and other parties in interest, to obtain the benefits from the incurrence of obligations contemplated in the Secured Superpriority Debtor in Possession Credit, Guarantee and Security Agreement (the "*__DIP Credit Agreement__*") by and among Southcross Holdings GP LLC, a Delaware limited liability company, Southcross Holdings LP, a Delaware limited partnership, Southcross Holdings Guarantor GP LLC, a Delaware limited liability company, Southcross Holdings Borrower LP, a Delaware limited partnership, Southcross Holdings Borrower GP LLC, a Delaware limited liability company, Southcross Holdings Guarantor LP, a Delaware limited partnership, the Subsidiary Guarantors from time to time party thereto, the lenders party thereto (the "*__DIP Lenders__*"), and Wilmington Trust, National Association, as administrative agent for the DIP Lenders and collateral agent for the Secured Parties (as defined in the DIP Credit Agreement), which DIP Credit Agreement (a) provides the Borrower with a non-amortizing senior secured dual-draw term loan credit facility in an aggregate principal amount not to exceed $85,000,000 and (b) provides for the proceeds therefrom to be used for the purposes set forth therein, in substantially the form presented to the Board, and consummation of the transactions contemplated thereby, which, in the Board's judgment, are necessary and appropriate to the business of the Company.

RESOLVED, that the form, terms, and provisions of the DIP Credit Agreement, and the grant of security interests, the borrowings, any guaranties of indebtedness thereunder, and the transactions contemplated thereby, be, and hereby are, authorized, adopted, and approved, and any Authorized Person, acting alone or with one or more other Authorized Persons, be, and hereby are, authorized and empowered, in the name of and on behalf of the Company, (i) to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of the DIP Credit Agreement and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or documents in connection therewith (collectively with the DIP Credit Agreement, the "*__Financing Documents__*"), in the form or substantially in the form thereof submitted to the Board, with such changes, additions and modifications thereto as the Authorized Person executing the same shall approve, such approval to be conclusively evidenced by such Authorized Person's execution and delivery thereof, and (ii) to incur and pay, or cause to be paid, all related fees and expenses, with such changes, additions, and modifications thereto as the Authorized Persons executing the same shall approve;

RESOLVED FURTHER, that the Company, as debtor and debtor-in-possession under the Bankruptcy Code be, and hereby is, authorized to incur any and all obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the Financing Documents (collectively, the "*__Financing Transactions__*"), including granting liens on its assets to secure such obligations;

RESOLVED FURTHER, that the Authorized Persons be, and hereby are, authorized, directed, and empowered in the name of, and on behalf of, the Company, as debtor and debtor-in-possession, to take such actions as in their discretion are determined to be necessary, desirable, or appropriate to execute, deliver, and file (i) the Financing Documents and such agreements, certificates, instruments, guaranties, notices, and any and all other documents, including, without limitation, any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of any Financing Documents, necessary, desirable, or appropriate to facilitate the Financing Transactions; (ii) all petitions, schedules, lists, and other motions, papers, or documents, which shall in his/her judgment be necessary, proper, or advisable, which determination shall be conclusively evidenced by his or their execution thereof; (iii) such other instruments, certificates, notices, assignments, and documents as may be requested by the DIP Lenders or the Agents (as defined in the DIP Credit Agreement); and (iv) such forms of officer's certificates and compliance certificates (if any) as may be required by the Financing Documents;

RESOLVED FURTHER, that the Authorized Persons be, and hereby are, authorized, directed, and empowered in the name of, and on behalf of, the Company to file or to authorize the DIP Lenders (or any administrative agent or collateral agent acting on behalf of such DIP Lenders) to file or record, any Uniform Commercial Code ("*UCC*") financing statements, any other equivalent filings, or any intellectual property filings, and any necessary assignments for security or other documents in the name of the Company that the DIP Lenders (or any administrative agent or collateral agent acting on behalf of such DIP Lenders) deem necessary or convenient to perfect any lien or security interest granted under the Financing Documents, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired," and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Company and such other filings in respect of intellectual and other property of the Company, in each case as the DIP Lenders (or any administrative agent or collateral agent acting on behalf of such DIP Lenders) may reasonably request to perfect the security interests of the DIP Lenders (or of the administrative agent or collateral agent, on behalf of such DIP Lenders) under the Financing Documents;

RESOLVED FURTHER, that the Authorized Persons be, and hereby are, authorized, directed and empowered in the name of, and on behalf of, the Company to take all such further actions, including, but not limited to, paying or approving the payment of all fees and expenses payable in connection with the Financing Transactions and all fees and expenses incurred by or on behalf of the Company in connection with the foregoing resolutions, in accordance with the terms of the Financing Documents, which shall in his/her judgment be necessary, proper, or advisable to perform the Company's obligations under or in connection with the Financing Documents or any of the Financing Transactions and to fully carry out the intent of the foregoing resolutions;

RESOLVED FURTHER, that the Authorized Persons be, and hereby are, authorized, directed, and empowered in the name of, and on behalf of, the Company to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of any of the Financing Documents or to do such other things which shall in his/her judgment be necessary, desirable, proper, or advisable to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by his or their execution thereof; and

RESOLVED FURTHER, that each Company is hereby authorized to authorize (and each applicable Company hereby authorizes) any subsidiary of such Company of which such Company or any subsidiary of such Company is the sole member, general partner, managing member, or equivalent manager, as applicable, to take each of the actions described in these resolutions or any of the actions authorized in this written consent.

## 4.   USE OF CASH COLLATERAL.

WHEREAS, in the judgment of the Board, it is desirable and in the best interest of the Company, its interest holders, its creditors, and other parties in interest, to obtain the benefits from the use of cash collateral (as such term is defined in section 363(a) of the Bankruptcy Code), which is security for certain of the Company's secured lenders under that certain Credit Agreement, dated as of August 4, 2014, by and among Southcross Holdings Guarantor LP, Southcross Holdings Borrower GP LLC, Southcross Holdings Borrower LP, and the guarantors party thereto, the lenders party thereto (the "***Secured Lenders***"), and UBS AG Stamford Branch, as administrative agent;

RESOLVED, that the Authorized Persons be, and hereby are, authorized, directed and empowered in the name of, and on behalf of, the Company to seek approval of the use of cash collateral pursuant to a cash collateral order in interim and final form (a "***Cash Collateral Order***"), and any

Authorized Person be, and hereby is, authorized, empowered, and directed to negotiate, execute, and deliver any and all agreements, instruments, or documents, by or on behalf of the Company, necessary to implement the Cash Collateral Order, including providing for adequate protection to the Secured Lenders in accordance with section 363 of the Bankruptcy Code, as well as any additional or further agreements for the use of cash collateral in connection with the Company's chapter 11 cases, which agreement(s) may require the Company to grant adequate protection and liens to the Company's Secured Lenders and each other agreement, instrument, or document to be executed and delivered in connection therewith, by or on behalf of the Company pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Person approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof;

RESOLVED FURTHER, that the Authorized Persons be, and hereby are, authorized, directed, and empowered in the name of, and on behalf of, the Company to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the Cash Collateral Order or to do such other things which shall in his/her judgment be necessary, desirable, proper, or advisable to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by his or their execution thereof; and

RESOLVED FURTHER, that each member of the Company is hereby authorized to authorize (and each applicable Company hereby authorizes) any subsidiary of such Company of which such Company or any subsidiary of such Company is the sole member, general partner, managing member, or equivalent manager, as applicable, to take each of the actions described in these resolutions or any of the actions authorized in this written consent.

## 5.   FURTHER ACTIONS AND PRIOR ACTIONS.

RESOLVED, that the Authorized Persons be, and hereby are, authorized, directed and empowered in the name of, and on behalf of, the Company, to take or cause to be taken any and all such further action, and to execute, acknowledge, deliver, and file any and all such instruments and documents, and to pay such fees and expenses, as each, in his/her judgment, deem necessary, appropriate or advisable in order to carry out the purpose and intent of the foregoing resolutions; and

RESOLVED FURTHER, that all acts and actions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts or actions would have been approved by the foregoing resolutions if such acts or actions had taken place after the execution of these resolutions, be, and hereby are, confirmed, approved and ratified as the acts or actions of the Company.

.

\*   \*   \*   \*