**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

|  |  |  |
|---|---|---|
| In re: | § | Chapter 11 |
|  | § |  |
| SOUTHCROSS HOLDINGS LP, *et al.*,[1] | § | Case No. 16-20111 (___) |
|  | § |  |
| Debtors. | § | (Joint Administration Requested) |
|  | § |  |

**EMERGENCY MOTION OF SOUTHCROSS HOLDINGS LP, *ET AL.*,
FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO
FILE A CONSOLIDATED LIST OF CREDITORS IN LIEU OF SUBMITTING
A SEPARATE MAILING MATRIX FOR EACH DEBTOR AND (II) EXTENDING
THE TIME, AND, UPON PLAN CONFIRMATION, WAIVING THE REQUIREMENT,
TO FILE SCHEDULES AND STATEMENTS OF FINANCIAL AFFAIRS**

> **THIS MOTION SEEKS ENTRY OF AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.  UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **EMERGENCY RELIEF HAS BEEN REQUESTED.  IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.  THE DEBTORS ARE REQUESTING SUCH RELIEF BY MARCH 29, 2016.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.**

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Southcross Holdings LP (7700); Frio LaSalle GP, LLC (9882); Frio LaSalle Pipeline, LP (9792); Southcross Holdings Borrower GP LLC (6790); Southcross Holdings Borrower LP (6880); Southcross Holdings GP LLC (2020); Southcross Holdings Guarantor GP LLC (6523); Southcross Holdings Guarantor LP (6622); TexStar Midstream GP, LLC (7001); TexStar Midstream Services, LP (7100); TexStar Midstream T/U GP, LLC (3754); and TexStar Midstream Utility, LP (3706).  The location of the Debtors' service address is: 1717 Main Street, Dallas, Texas, 75201.

Southcross Holdings LP and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"),[2] respectfully state the following in support of this motion (this "Motion"):

### Relief Requested

1. The Debtors seek entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A**: (a) authorizing the Debtors to file a consolidated list of creditors in lieu of separate mailing matrices for each Debtor; (b) extending the time for the Debtors to file schedules of assets and liabilities and statements of financial affairs (collectively, the "Schedules and Statements") by 31 days, to May 11, 2016, for a total of 45 days from the Petition Date (the "Deadline"), without prejudice to the Debtors' right to request additional extensions should it become necessary; (c) waiving the requirement that the Debtors file the Schedules and Statements on the date of confirmation of the Plan (as defined in the First Day Declarations) if confirmation occurs on or before the Deadline; and (d) granting related relief.

### Jurisdiction and Venue

2. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested herein are sections 105(a) and 521 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rule 1007 of

---

[2] A detailed description of the Debtors and their businesses, and the facts and circumstances supporting this Motion and the Debtors' chapter 11 cases, are set forth in greater detail in the *Declaration of Jeffery J. Stegenga in Support of Chapter 11 Petitions and First Day Motions* and the *Declaration of Jason Feintuch in Support of Chapter 11 Petitions and Certain First Day Motions* (the "First Day Declarations"), filed contemporaneously with the Debtors' voluntary petitions for relief filed under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), on March 27, 2016 (the "Petition Date"). Capitalized terms used, but not otherwise defined in this Motion shall have the meanings ascribed to them in the First Day Declarations.

the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

## Basis for Relief

I. **Filing a Consolidated List of Creditors in Lieu of Submitting a Separate Creditor Mailing Matrix for Each Debtor Is Warranted.**

5. Bankruptcy Rule 1007(a)(1) requires a debtor to file "a list containing the name and address of each entity included or to be included on Schedules D, E, F, G, and H." Fed. R. Bankr. P. 1007(a)(1). Although the list of creditors usually is filed on a debtor-by-debtor basis, in a complex chapter 11 bankruptcy case involving more than one debtor, the debtors may file a consolidated creditor matrix.[3]

6. The Debtors submit that permitting them to maintain a single consolidated list of creditors, in lieu of filing a separate creditor matrix for each Debtor, is warranted. Many of the Debtors' creditors are creditors of more than one Debtor. Maintaining a single consolidated list of creditors will therefore benefit the Debtors and their estates by allowing the Debtors to more efficiently provide required notices to parties in interest and reduce the potential for duplicate mailings. Moreover, the requirement that each debtor maintain a separate creditor matrix was implemented to provide parties with information that may be necessary in the event of conversion to chapter 7 liquidation. Because of the prepackaged nature of these chapter 11 cases and the Debtors' hope to have a short stay in bankruptcy, this concern is not implicated.

II. **An Extension of the Deadline to File the Schedules and Statements Is Warranted.**

7. Section 521 of the Bankruptcy Code requires a debtor to file schedules and statements, unless the court orders otherwise. Furthermore, Bankruptcy Rule 1007 requires that

---

[3] *See General Order in the Matter of Procedures for Complex Chapter 11 Cases*, Exhibit G, available at http://www.txs.uscourts.gov/sites/txs/files/tx_ch11_comp_rules.pdf.

a debtor file schedules and statements within 14 days of its petition date, unless the Court grants an extension of such time for "cause." Fed. R. Bankr. P. 1007(c) (permitting extension of time to file schedules and statements "on motion for cause shown").

8. The Court's grant of an extension of time to file the Schedules and Statements through and including the Deadline is necessary and appropriate under the circumstances of these prepackaged chapter 11 cases. First, the Debtors have many potential creditors, and the ordinary operation of the Debtors' businesses requires the Debtors to maintain voluminous books, records, and complex accounting systems. Accordingly, substantial time would be required for the Debtors to complete the Schedules and Statements. Second, no party in interest will be prejudiced by the Court granting the Debtors' request for an extension through and including the Deadline. All holders of claims and interests entitled to vote on the Plan (Class 3 Revolving Facility Claims, Class 4 Term Loan Facility Claims, and Class 9 Holdings Class B Interests (each as defined in the Plan)) have already voted in sufficient number and amount to accept the Plan. All holders of general unsecured claims are unimpaired under the Plan, and will be paid in full in the ordinary course of business. All other creditors are either unimpaired and presumed to accept the Plan or are impaired and deemed to reject the Plan and will not receive distributions on account of their prepetition claims or interests. Accordingly, "cause" exists under Bankruptcy Rule 1007 to grant the requested extension.

9. Courts in this district have granted similar relief to that requested herein in a number of cases. *See, e.g.*, *In re Sherwin Alumina Co.*, 16-20012 (DRJ) (Bankr. S.D. Tex. Jan. 13, 2016) (granting 14-day extension); *In re BPZ Res., Inc.*, No. 15-60016 (DRJ) (Bankr. S.D. Tex. Mar. 10, 2015) (granting 30-day extension); *In re Buccaneer Res., LLC*, No. 14-60041 (DRJ) (Bankr. S.D. Tex. June 9, 2014) (granting 14-day extension); *In re Autoseis, Inc.*, No.

14-20130 (RSS) (Bankr. S.D. Tex. Mar. 27, 2014) (granting 46-day extension); *In re TMT USA Shipmanagement LLC*, No. 13-33763 (MI) (Bankr. S.D. Tex. June 27, 2013) (granting 30-day extension); *In re ATP Oil & Gas Corp.*, No. 12-36187 (MI) (Bankr. S.D. Tex. Aug. 21, 2012) (granting 30-day extension).[4]

### III. A Waiver of the Requirement to File the Schedules and Statements Is Warranted.

10. Section 105(a) of the Bankruptcy Code, which codifies the equitable powers of the bankruptcy court, empowers courts to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." This section empowers courts to fashion orders that are necessary "to further the purpose of the substantive provisions of the Bankruptcy Code." *U.S. v. Sutton*, 786 F.2d 1305, 1307 (5th Cir. 1986). In light of the facts and circumstances surrounding these chapter 11 cases, the Court has authority, consistent with section 521(a) of the Bankruptcy Code, to grant the relief requested herein. *See In re Hawkeye Renewables, LLC*, No. 09-14461 (KJC), 2010 WL 2745975, at *24 (Bankr. D. Del. June 2, 2010) (granting debtor's motion for waiver, upon confirmation of the debtor's prepackaged chapter 11 plan, of requirement to file any list, schedule, or statement under section 521 of the Bankruptcy Code and Rule 1007); *Charles Russell LLP v. HSBC Bank USA, N.A. (In re Awal Bank, BSC)*, 455 B.R. 73 (Bankr. S.D.N.Y. 2011) (noting that courts often waive the disclosure requirements of section 521(a) where general unsecured creditors are generally unimpaired and creditors affected by the bankruptcy proceeding have already voted).

11. A waiver of the requirement that the Debtors file the Schedules and Statements effective upon confirmation of the Plan, if confirmation occurs on or before the Deadline, is appropriate. As stated previously, in light of the nature of the Debtors' substantial operations,

---

[4] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request of the Debtors' proposed counsel.

5

the Debtors require time to prepare the Schedules and Statements. Indeed, the Debtors would expect to be in a position to file the Schedules and Statements at approximately the same time that the Debtors expect to emerge from chapter 11. Furthermore, no party in interest would be prejudiced if the requirement that the Debtors file the Schedules and Statements was waived. Finally, preparing the Schedules and Statements would cause the Debtors to incur substantial expense and would burden the Debtors' employees at a time when such employees should be implementing or preparing to implement the restructuring.

12. Courts in this district and others have granted similar waivers in other prepackaged chapter 11 cases. *See, e.g.*, *In re EveryWare Global, Inc.*, No. 15-10743 (LSS) (Bankr. D. Del. Apr. 9, 2015) (permanently waiving requirement to file schedules and statements upon confirmation of plan); *In re Unitek Global Servs., Inc.*, No. 14-12471 (PJW) (Bankr. D. Del. Nov. 4, 2014) (same); *In re ITR Concession Co., LLC*, No. 14-34284 (Bankr. N.D. Ill. Sept. 23, 2014) (same); *In re Sbarro, LLC*, No. 14-10557 (Bankr. S.D.N.Y. Mar. 13, 2014) (same); *In re The Newark Grp.*, No. 10-27694 (Bankr. D.N.J. June 10, 2010) (same); *In re Morris Publ'g Grp.*, No. 10-10134 (Bankr. S.D. Ga. Jan. 19, 2010) (same); *In re Davis Petroleum Corp.*, No. 06-20152 (Bankr. S.D. Tex. Mar. 10, 2006) (waiving the requirements of section 521 of the Bankruptcy Code and Bankruptcy Rule 1007 that the Debtors file a schedule of assets and liabilities and a statement of financial affairs).

### Emergency Consideration

13. The Debtors respectfully request emergency consideration of this Motion in accordance with Bankruptcy Local Rule 9013-1(i). The Debtors believe that the relief requested in this Motion is critical to an immediate and orderly transition into chapter 11 that will preserve the value of the Debtors' estates and maintain the viability of the Debtors' operations. Moreover, without the Court granting this relief on an emergency basis, the deadline that the

Debtors seek to extend will have passed before the Court's consideration of this Motion. Accordingly, the Debtors respectfully request that the Court approve the relief requested in this Motion on an emergency basis.

## Notice

14. The Debtors will provide notice of this Motion to: (a) the Office of the United States Trustee for the Southern District of Texas; (b) the holders of the 20 largest unsecured claims against the Debtors (on a consolidated basis); (c) UBS AG, Stamford Branch, as administrative and collateral agent under the Holdings credit agreement and counsel thereto; (d) counsel to the ad hoc group of holders of term loan claims under the Holdings credit agreement; (e) counsel to the holders of certain claims under the Holdings credit agreement; (f) the holders of Class A units of Holdings LP and counsel thereto; (g) the holders of Class B units of Holdings LP and counsel thereto; (h) Southcross Energy Partners GP, LLC and counsel thereto; (i) Southcross Energy Partners, L.P., and counsel thereto; (j) the agent for the proposed debtor-in-possession financing facility and counsel thereto; (k) the United States Attorney's Office for the Southern District of Texas; (l) the Internal Revenue Service; (m) the Environmental Protection Agency; (n) the office of the attorneys general for the states in which the Debtors operate; (o) the Securities and Exchange Commission; and (p) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

15. No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter the Order, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

| | |
|---|---|
| Dated:  March 28, 2016 | /s/ *Zack A. Clement* |
| | Zack A. Clement (Texas Bar No. 04361550) |
| | **ZACK A. CLEMENT PLLC** |
| | 3753 Drummond |
| | Houston, Texas 77025 |
| | Telephone:     (832) 274-7629 |
| | Email:           zack.clement@icloud.com |

 - and -

James H.M. Sprayregen, P.C.
Anup Sathy, P.C. (*pro hac vice* admission pending)
Chad J. Husnick (*pro hac vice* admission pending)
Emily E. Geier (*pro hac vice* admission pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:      (312) 862-2200
Email:           james.sprayregen@kirkland.com
                     anup.sathy@kirkland.com
                     chad.husnick@kirkland.com
                     emily.geier@kirkland.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

## Certificate of Service

I certify that on March 28, 2016, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Zack A. Clement*
One of Counsel