IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

|  |  |  |
|---|---|---|
| In re: | § | Chapter 11 |
|  | § |  |
| SOUTHCROSS HOLDINGS LP, *et al.*,[1] | § | Case No. 16-20111 (MI) |
|  | § |  |
| Reorganized Debtors. | § | (Jointly Administered) |
|  | § | (Emergency Hearing Requested) |

**EMERGENCY MOTION OF SOUTHCROSS HOLDINGS
LP, *ET AL.*, FOR ENTRY OF AN ORDER EXTENDING THE TIME
TO FILE SCHEDULES AND STATEMENTS OF FINANCIAL AFFAIRS**

> **THIS MOTION SEEKS ENTRY OF AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE. THE DEBTORS ARE REQUESTING SUCH RELIEF BY MAY 11, 2016.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.**

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Southcross Holdings LP (7700); Frio LaSalle GP, LLC (9882); Frio LaSalle Pipeline, LP (9792); Southcross Holdings Borrower GP LLC (6790); Southcross Holdings Borrower LP (6880); Southcross Holdings GP LLC (2020); Southcross Holdings Guarantor GP LLC (6523); Southcross Holdings Guarantor LP (6622); TexStar Midstream GP, LLC (7001); TexStar Midstream Services, LP (7100); TexStar Midstream T/U GP, LLC (3754); and TexStar Midstream Utility, LP (3706). The location of the Debtors' service address is: 1717 Main Street, Dallas, Texas, 75201.

KE 41600296

Southcross Holdings LP and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"),[2] respectfully state the following in support of this motion (this "Motion"):

## Relief Requested

1. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"): (a) extending the time for the Debtors to file schedules of assets and liabilities and statements of financial affairs (collectively, the "Schedules and Statements") pending entry of an order with respect to the *Reorganized Debtors' Motion for Entry of Final Decree Closing the Chapter 11 Cases* (the "Final Decree Motion"), filed contemporaneously herewith, without prejudice to the Debtors' right to request additional extensions should it become necessary; and (b) granting related relief.

## Jurisdiction and Venue

2. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are sections 105(a) and 521 of the Bankruptcy Code, rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

---

[2] A detailed description of the Debtors and their businesses, and the facts and circumstances supporting this Motion and the Debtors' chapter 11 cases, are set forth in greater detail in the *Declaration of Jeffery J. Stegenga in Support of Chapter 11 Petitions and First Day Motions* and the *Declaration of Jason Feintuch in Support of Chapter 11 Petitions and Certain First Day Motions* (the "First Day Declarations"), filed contemporaneously with the Debtors' voluntary petitions for relief filed under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), on March 27, 2016 (the "Petition Date"). Capitalized terms used, but not otherwise defined in this Motion shall have the meanings ascribed to them in the First Day Declarations.

**Background**

5.      As is relevant here, Bankruptcy Rule 1007 provides that the Debtors must file the Schedules and Statements within 14 days after the Petition Date.  On March 29, 2016, this Court entered an order extending the time for the Debtors to file the Schedules and Statements (the "Deadline") through and including May 11, 2016.

6.      On April 11, 2016, the Court entered the *Order Approving the Debtors' Disclosure Statement for, and Confirming, the Debtors' Joint Prepackaged Chapter 11 Plan* [Docket No. 182].  The Debtors' chapter 11 plan was substantially consummated and the Debtors emerged from chapter 11 on April 13, 2016.

7.      Contemporaneously herewith, the Debtors filed the Final Decree Motion seeking, a final decree closing these chapter 11 cases, including a waiver of the requirement that the Debtors file the Schedules and Statements.  The deadline with respect to filing the Schedules and Statements is currently May 11, 2016.  The Debtors request a limited extension of the Deadline—approximately 22 days—from May 11, 2016, through such date that the Court enters an order with respect to the Final Decree Motion.  The Debtors have requested a hearing with respect to the Final Decree Motion to take place on June 2, 2016.  The United States Trustee for the Southern District of Texas (the "U.S. Trustee") has indicated to the Debtors that it does not object to this relief.

8.      Additionally, the U.S. Trustee has agreed to not convene a meeting of creditors (the "Creditors' Meeting") under section 341(e) of the Bankruptcy Code, pending entry of an order with respect to the Final Decree Motion.

9.      Accordingly, the Debtors request entry of an Order further extending their time to file the Schedules and Statements through and including the date that the Court enters an order with respect to the Final Decree Motion.

**Basis for Relief**

10.     Bankruptcy Rule 9006(b)(1) provides that "when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order . . . ."

11.     In light of the nature of the Debtors' substantial operations, preparation of the Schedules and Statements would cause the Debtors to incur substantial expense.  In light of the facts and circumstances of this case, and for the reasons set forth more fully in the Final Decree Motion, the Debtors believe that a waiver of the requirement that they file the Schedules and Statements is warranted.  The hearing on the Final Decree Motion will occur after the Deadline—*i.e.*, the Debtors may be required to file the Schedules and Statements before the Court has been given an opportunity to determine whether a waiver of such requirement is appropriate.  No party will be prejudiced by a further, brief extension of the Deadline to allow the Court to make such a determination, and the U.S. Trustee does not object.  Accordingly, in light of the considerable expense attendant to preparing the Schedules and Statements, the fact that the Final Decree Motion is currently pending before the Court, and the facts and circumstances of these chapter 11 cases, the Debtors submit that cause exists to extend the Deadline through and including the date of entry of an order with respect to the Final Decree Motion.

**Emergency Consideration**

12.     In accordance with Bankruptcy Local Rule 9013-1, the Debtors respectfully request emergency consideration of this Motion.  Pursuant to the Court's March 29, 2016 order, the Deadline is currently May 11, 2016—only days from the date hereof.  For the reasons set

forth above, cause exists to extend the Deadline. Accordingly, emergency consideration of this Motion is warranted.

## **Notice**

13.     The Debtors will provide notice of this Motion to:  (a) the Office of the United States Trustee for the Southern District of Texas; (b) the holders of the 20 largest unsecured claims against the Debtors (on a consolidated basis); (c) UBS AG, Stamford Branch, as administrative and collateral agent under the Holdings credit agreement and counsel thereto; (d) counsel to the ad hoc group of holders of term loan claims under the Holdings credit agreement; (e) counsel to the holders of certain claims under the Holdings credit agreement; (f) the holders of Class A units of Holdings LP and counsel thereto; (g) the holders of Class B units of Holdings LP and counsel thereto; (h) Southcross Energy Partners GP, LLC and counsel thereto; (i) Southcross Energy Partners, L.P., and counsel thereto; (j) the agent for the proposed debtor-in-possession financing facility and counsel thereto; (k) the United States Attorney's Office for the Southern District of Texas; (l) the Internal Revenue Service; (m) the Environmental Protection Agency; (n) the office of the attorneys general for the states in which the Debtors operate; (o) the Securities and Exchange Commission; and (p) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors respectfully submit that, in light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors respectfully request that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: May 10, 2016     /s/ *Zack A. Clement*
Zack A. Clement (Texas Bar No. 04361550)
**ZACK A. CLEMENT PLLC**
3753 Drummond
Houston, Texas 77025
Telephone:     (832) 274-7629
Email:             zack.clement@icloud.com

 - and -

James H.M. Sprayregen, P.C.
Anup Sathy, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Emily E. Geier (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:      (312) 862-2200
Email:            james.sprayregen@kirkland.com
                      anup.sathy@kirkland.com
                      chad.husnick@kirkland.com
                      emily.geier@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*

**Certificate of Service**

I certify that on May 10, 2016, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/ *Zack A. Clement*
One of Counsel