IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| SOUTHCROSS HOLDINGS LP, *et al.*,[1] | § | Case No. 16-20111 (MI) |
| | § | |
| Reorganized Debtors. | § | (Jointly Administered) |
| | § | |

**REORGANIZED DEBTORS' MOTION FOR ENTRY
OF FINAL DECREE CLOSING THE CHAPTER 11 CASES**

> **THIS MOTION SEEKS ENTRY OF AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **THE DEBTORS HAVE REQUESTED THAT A HEARING BE CONDUCTED ON THIS MOTION ON JUNE 2, 2016, AT 11:00 A.M., PREVAILING CENTRAL TIME IN COURTROOM 404, 515 RUSK, HOUSTON, TEXAS 77002.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

Southcross Holdings LP and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors" or "Reorganized Debtors," as applicable),[2] respectfully state the following in support of this motion (this "Motion"):

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Southcross Holdings LP (7700); Frio LaSalle GP, LLC (9882); Frio LaSalle Pipeline, LP (9792); Southcross Holdings Borrower GP LLC (6790); Southcross Holdings Borrower LP (6880); Southcross Holdings GP LLC (2020); Southcross Holdings Guarantor GP LLC (6523); Southcross Holdings Guarantor LP (6622); TexStar Midstream GP, LLC (7001); TexStar Midstream Services, LP (7100); TexStar Midstream T/U GP, LLC (3754); and TexStar Midstream Utility, LP (3706). The location of the Debtors' service address is: 1717 Main Street, Dallas, Texas, 75201.

### Relief Requested

1.  The Reorganized Debtors seek entry of a final decree, substantially in the form attached hereto as **Exhibit A** (the "Final Decree"):  (a) closing these chapter 11 cases; and (b) granting related relief.

### Jurisdiction and Venue

2.  The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.  The statutory bases for the relief requested herein are section 350(a) of title 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") and rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

### The Restructuring

5.  On the Petition Date, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with the Court and continued to operate their business and manage their property during these chapter 11 cases as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On the Petition Date, the Debtors also filed the *Debtors' Joint Prepackaged Chapter 11 Plan* [Docket No. 24] (as may have been amended, supplemented, or otherwise modified from time to time, the "Plan").

---

[2] A detailed description of the Debtors and their businesses, and the facts and circumstances supporting the Debtors' chapter 11 cases, are set forth in greater detail in the *Declaration of Jason Feintuch in Support of Chapter 11 Petitions and Certain First Day Motions* [Docket No. 7] and the *Declaration of Jeffery J. Stegenga in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 8] (the "First Day Declarations"), filed contemporaneously with the Debtors' voluntary petitions for relief filed under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), on March 27, 2016 (the "Petition Date").  Capitalized terms used, but not otherwise defined in this Motion shall have the meanings ascribed to them in the First Day Declarations.

6.      On April 11, 2016, the Court entered the *Order Approving the Debtors' Disclosure Statement for, and Confirming, the Debtors' Joint Prepackaged Chapter 11 Plan* [Docket No. 182] (the "Confirmation Order").  The Plan was substantially consummated and the Reorganized Debtors emerged from chapter 11 on April 13, 2016 (the "Effective Date").

7.      Although the Plan provides that, among others, holders of priority tax claims, secured tax claims, other secured claims, other priority claims, and general unsecured claims are unimpaired, and further that no creditor is required to file a proof of claim, seven proofs of claim were filed in these chapter 11 cases, three of which were filed after the Effective Date.  In the weeks leading up to the Effective Date and continuing through the present, the Reorganized Debtors and their advisors have worked diligently to resolve these claims.  As of the date hereof, the Debtors believe that all of these claims, to the extent allowed, either (a) have received treatment in accordance with the Plan or (b) will be paid in full under the Plan.

| No. | Claimant | Claim Amount | Claim Type |
|---|---|---|---|
| 1 | McMullen County | $17,282.75 | Secured tax claim. |
| 2 | Dallas County | $7,436.68 | Secured tax claim. |
| 3 | Cotulla Independent School District | $106,675.41 | Secured tax claim. |
| 4 | LaSalle County | $39,773.59 | Secured tax claim. |
| 5 | Air Liquide Industrial U.S. LP | $43,295.16 | General unsecured claim. |
| 6 | Internal Revenue Service | $1,000.00 | Priority tax claim. |
| 7 | Foard County | $19.00 | Secured tax claim. |

8.      Contemporaneously herewith, the Debtors filed the *Emergency Motion of Southcross Holdings LP, et al., for Entry of an Order Extending the Time to File Schedules and Statements of Financial Affairs*, seeking entry of an order extending the time for the Debtors to file their schedules of assets and liabilities and statements of financial affairs (collectively, the "Schedules and Statements") through and including the date that the Court enters an order with respect to this Motion.  Further, the United States Trustee for the Southern District of Texas (the

3

"U.S. Trustee") has agreed that it will not convene a meeting of creditors (the "Creditors' Meeting") under section 341(e) of the Bankruptcy Code pending entry of an order with respect to this Motion.

**Basis for Relief**

I.   **Entry of a Final Decree Closing the Cases in Appropriate.**

9.   Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." Bankruptcy Rule 3022, which implements section 350 of the Bankruptcy Code, further provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case."

10.   The term "fully administered" is not defined in the Bankruptcy Code, the Bankruptcy Rules, or the Bankruptcy Local Rules.  The Advisory Committee Note to Bankruptcy Rule 3022 (the "Advisory Committee Note"), however, sets forth the following non-exclusive factors to be considered in determining whether a case has been fully administered:

   a.   whether the order confirming the plan has become final;

   b.   whether deposits required by the plan have been distributed;

   c.   whether the property proposed by the plan to be transferred has been transferred;

   d.   whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan;

   e.   whether payouts under the plan have commenced; and

   f.   whether all motions, contested matters, and adversary proceedings have been finally resolved.

Courts in this district "have looked to the advisory committee's notes on Bankruptcy Rule 3022 in seeking guidance as to the meaning of 'fully administered.'" *In re JCP Props., Ltd.*, 540 B.R.

4

596, 605 (Bankr. S.D. Tex. 2015); *see also In re SLI, Inc.*, No. 02-12608, 2005 WL 1668396, at *2 (Bankr. D. Del. June 24, 2005) ("these factors are but a guide in determining whether a case has been fully administered, and not all factors need to be present before the case is closed."); *In re Kliegl Bros. Universal Elec. Stage Lighting Co., Inc.*, 238 B.R. 531, 542 (Bankr. E.D.N.Y. 1999) (recognizing that bankruptcy courts weigh the factors contained in the Advisory Committee Note when deciding whether to close a case); *In re Jay Bee Enters., Inc.*, 207 B.R. 536, 538 (Bankr. E.D. Ky. 1997) (same); *Walnut Assocs. v. Saidel*, 164 B.R 487, 493 (E.D. Pa. 1994) ("[A]ll of the factors in the Committee Note need not be present before the Court will enter a final decree.").

11. In addition to the factors set forth in the Advisory Committee Note, courts have considered whether the plan of reorganization has been substantially consummated. *See, e.g.*, *JCP Properties*, 540 B.R. at 605 ("substantial consummation is the pivotal question here to determine the propriety of closing the [case]"); *see also In re Gates Cmty. Chapel of Rochester, Inc.*, 212 B.R. 220, 224 (Bankr. W.D.N.Y. 1997) (considering substantial consummation as a factor in determining whether to close a case); *Walnut Assocs.*, 164 B.R at 493 (same).[3]

12. As of the date hereof, these chapter 11 cases have been "fully administered" within the meaning of section 350 of the Bankruptcy Code, making it appropriate for the Court to enter the Final Decree. In particular:

    a. the Confirmation Order has become final and is non-appealable;

    b. the Reorganized Debtors have emerged from chapter 11;

---

[3] Section 1101(2) of the Bankruptcy Code defines substantial consummation as the: (A) transfer of all or substantially all of the property proposed by the plan to be transferred; (B) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and (C) commencement of distribution under the plan.

5

  c. all payments required to be made pursuant to the Plan have been paid or provided for as of the Effective Date;

  d. the Reorganized Debtors have assumed the business and management of the property dealt with by the Plan;

  e. all anticipated motions, contested matters, and adversary proceedings in these chapter 11 cases have been or will be resolved at or before the hearing on this Motion;

  f. all proofs of claim filed in these chapter 11 cases have been expunged or otherwise have been resolved;

  g. all of the transactions contemplated by the Plan closed on the Effective Date; and

  h. the Plan has been substantially consummated within the meaning of section 1101(2) of the Bankruptcy Code.

13. While the Reorganized Debtors acknowledge that the payment of certain claims is still pending in accordance with the Plan, the Reorganized Debtors submit that such claims will be paid outside the chapter 11 cases in accordance with applicable nonbankruptcy law and the Plan. Moreover, "[t]he court should not keep [a] case open only because of the possibility that the court's jurisdiction may be invoked in the future." Fed. R. Bankr. P. 3022, Advisory Comm. Note (1991). Furthermore, the entry of final decrees closing these chapter 11 cases is without prejudice to creditors' rights to petition the Court to reopen any of these chapter 11 cases pursuant to section 350(b) of the Bankruptcy Code.

14. For the foregoing reasons, the Reorganized Debtors submit that the Court should enter the Final Decree.

## II. Cause Exists for the U.S. Trustee Not To Convene a Meeting of Creditors.

15. Section 341 of the Bankruptcy Code allows a court to waive the requirement of a meeting of creditors or equity holders if a debtor has filed a plan on the petition date and

solicited acceptances of a plan prior to the commencement of a chapter 11 case. More specifically, section 341(e) of the Bankruptcy Code provides that:

> Notwithstanding subsections (a) and (b), the court, on the request of a party in interest and after notice and a hearing, for cause may order that the United States trustee not convene a meeting of creditors or equity security holders if the debtor has filed a plan as to which the debtor solicited acceptances prior to the commencement of the case.

16. The Debtors filed the Plan on the Petition Date, and the Debtors commenced solicitation of votes to accept or reject the Plan on March 21, 2016, prior to the Petition Date, thereby satisfying the threshold statutory requirement.

17. First, cause exists to waive the requirement that the U.S. Trustee convene the Creditors' Meeting because general unsecured creditors are left unimpaired under the terms of the Plan. Further, holders of claims and interests that are impaired under the Plan were adequately represented by sophisticated counsel during the course of these chapter 11 cases, received adequate notice of the Plan and the hearing to consider confirmation thereof, and were party to the RSA and/or voted overwhelmingly to accept the Plan. Finally, the Court has entered the Confirmation Order and the Debtors have emerged from chapter 11—convening the Creditors' Meeting would serve little purpose at this juncture. The Debtors thus respectfully submit that such creditors are not prejudiced by the lack of a section 341 meeting. For these reasons, the Debtors submit that sufficient "cause" exists to waive the requirement of a section 341 meeting as set forth herein.

18. Courts in this district and others have waived the requirement of a section 341 meeting under similar circumstances and thus the relief requested is reasonable. *See, e.g.*, *In re Transcoastal Corp.*, No. 15-34956 (Bankr. N.D. Tex. Dec. 18, 2015) (directing the U.S. Trustee not to convene a meeting of creditors or equity security holders); *In re Cross Canyon*

*Energy Corp.*, No. 10-30747 (Bankr. S.D. Tex. Mar. 11, 2010) (waiving section 341 meeting where the impaired classes voted unanimously to accept the plan); *In re Baseline Oil & Gas Corp.*, No. 09-36291 (Bankr. S.D. Tex. Sept. 25, 2009) (waiving section 341 meeting where the only impaired class voted overwhelmingly to accept the plan); *In re Davis Petroleum Corp.*, No. 06-20152 (Bankr. S.D. Tex. Mar. 10, 2006) (waiving section 341 meeting).

### III. A Waiver of the Requirement to File the Schedules and Statements Is Warranted.

19. Section 521(a) of the Bankruptcy Code requires that the Debtors file the Schedules and Statements, "unless the court orders otherwise." Section 105(a) of the Bankruptcy Code, which codifies the equitable powers of the bankruptcy court, empowers courts to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." This section empowers courts to fashion orders that are necessary "to further the purpose of the substantive provisions of the Bankruptcy Code." *U.S. v. Sutton*, 786 F.2d 1305, 1307 (5th Cir. 1986). In light of the facts and circumstances surrounding these chapter 11 cases, the Court has authority, consistent with section 521(a) of the Bankruptcy Code, to grant the relief requested herein. *See In re Hawkeye Renewables, LLC*, No. 09-14461 (KJC), 2010 WL 2745975, at *24 (Bankr. D. Del. June 2, 2010) (granting debtor's motion for waiver, upon confirmation of the debtor's prepackaged chapter 11 plan, of requirement to file any list, schedule, or statement under section 521 of the Bankruptcy Code and Rule 1007); *Charles Russell LLP v. HSBC Bank USA, N.A.* (*In re Awal Bank, BSC*), 455 B.R. 73 (Bankr. S.D.N.Y. 2011) (noting that courts often waive the disclosure requirements of section 521(a) where general unsecured creditors are generally unimpaired and creditors affected by the bankruptcy proceeding have already voted).

20. In light of the facts and circumstances of these chapter 11 cases, a waiver of the requirement that the Debtors file the Schedules and Statements is appropriate. Due to the nature

of the Debtors' substantial operations, preparation of the Schedules and Statements would cause the Debtors to incur substantial expense and would unnecessarily burden the Debtors' employees. Furthermore, no party in interest would be prejudiced if the Court were to waive the requirement that the Debtors file the Schedules and Statements—as set forth above, the Debtors' prepetition creditors and equityholders are either unimpaired under the Plan or have voted overwhelmingly in favor of the Plan. As the Court has confirmed the Plan and the Debtors have substantially consummated the terms thereof, no party in interest would benefit from the Debtors' preparing the Schedules and Statements. Accordingly, the Debtors submit that it is appropriate for the Court to waive such requirement.

21. Courts in this district and others have granted similar waivers in other prepackaged chapter 11 cases. *See, e.g.*, *In re Davis Petroleum Corp.*, No. 06-20152 (Bankr. S.D. Tex. Mar. 10, 2006) (waiving the requirements of section 521 of the Bankruptcy Code and Bankruptcy Rule 1007 that the Debtors file a schedule of assets and liabilities and a statement of financial affairs); *In re EveryWare Global, Inc.*, No. 15-10743 (LSS) (Bankr. D. Del. Apr. 9, 2015) (permanently waiving requirement to file schedules and statements upon confirmation of plan); *In re Unitek Global Servs., Inc.*, No. 14-12471 (PJW) (Bankr. D. Del. Nov. 4, 2014) (same); *In re ITR Concession Co., LLC*, No. 14-34284 (Bankr. N.D. Ill. Sept. 23, 2014) (same); *In re Sbarro, LLC*, No. 14-10557 (Bankr. S.D.N.Y. Mar. 13, 2014) (same); *In re The Newark Grp.*, No. 10-27694 (Bankr. D.N.J. June 10, 2010) (same); *In re Morris Publ'g Grp.*, No. 10-10134 (Bankr. S.D. Ga. Jan. 19, 2010) (same).

## Notice

22. The Debtors will provide notice of this Motion to: (a) the Office of the United States Trustee for the Southern District of Texas; (b) the holders of the 20 largest unsecured claims against the Debtors (on a consolidated basis); (c) UBS AG, Stamford Branch, as

9

administrative and collateral agent under the Holdings credit agreement and counsel thereto; (d) counsel to the ad hoc group of holders of term loan claims under the Holdings credit agreement; (e) counsel to the holders of certain claims under the Holdings credit agreement; (f) the holders of Class A units of Holdings LP and counsel thereto; (g) the holders of Class B units of Holdings LP and counsel thereto; (h) Southcross Energy Partners GP, LLC and counsel thereto; (i) Southcross Energy Partners, L.P., and counsel thereto; (j) the agent for the proposed debtor-in-possession financing facility and counsel thereto; (k) the United States Attorney's Office for the Southern District of Texas; (l) the Internal Revenue Service; (m) the Environmental Protection Agency; (n) the office of the attorneys general for the states in which the Debtors operate; (o) the Securities and Exchange Commission; and (p) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

23. No prior motion for the relief requested herein has been made to this or any other court.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors respectfully request that the Court enter the Order, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated:  May 10, 2016 /s/ *Zack A. Clement*
Zack A. Clement (Texas Bar No. 04361550)
**ZACK A. CLEMENT PLLC**
3753 Drummond
Houston, Texas 77025
Telephone: (832) 274-7629
Email: zack.clement@icloud.com

 - and -

James H.M. Sprayregen, P.C.
Anup Sathy, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Emily E. Geier (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: james.sprayregen@kirkland.com
anup.sathy@kirkland.com
chad.husnick@kirkland.com
emily.geier@kirkland.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**Certificate of Service**

  I certify that on May 10, 2016, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                  /s/ *Zack A. Clement*
                  One of Counsel