UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| SOUTHCROSS HOLDINGS LP, *et al.*, | § | Case No. 16-20111 (MI) |
| | § | |
| Debtors. | § | Jointly Administered |

_____

**FEE APPLICATION COVER SHEET FOR FIRST AND FINAL FEE APPLICATION OF ALVAREZ & MARSAL NORTH AMERICA, LLC AS RESTRUCTURING ADVISOR FOR THE DEBTORS AND DEBTORS IN POSSESSION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD MARCH 27, 2016 THROUGH APRIL 11, 2016**

**Application of**: First And Final Application of Alvarez & Marsal North America, LLC ("**A&M**"), restructuring advisor to Southcross Holdings LP, et al., ("**Southcross**") and its affiliated debtors and debtors-in-possession ("**Debtors**").[1]

| Name of applicant | Alvarez & Marsal North America, LLC | |
|---|---|---|
| Applicant's professional role in case | Restructuring Advisor to the Debtors | |
| Indicate whether this is an application for pre or post confirmation services | Pre-confirmation services | |
| Effective date of order approving professional's retention | March 27, 2016 | |
| | **Beginning of Period** | **Ending of Period** |
| Time period covered in application | March 27, 2016 | April 11, 2016 |
| Time periods covered by any prior applications | N/A | N/A |
| Total amounts awarded in all prior applications | N/A | |
| Amount of retainer received in case | $315,000.00 | |
| Total fees applied for in this application and in all prior applications (including any retainer amounts applied or to be applied) | $228,640.00 | |
| Total fees applied for in this application (including any retainer amounts to be applied) | $228,660.00 | |
| Total professional fees requested in this application | $228,660.00 | |
| Total actual professional hours covered by this application | 368.3 | |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Southcross Holdings LP (7700); Frio LaSalle GP, LLC (9882); Frio LaSalle Pipeline, LP (9792); Southcross Holdings Borrower GP LLC (6790); Southcross Holdings Borrower LP (6880); Southcross Holdings GP LLC (2020); Southcross Holdings Guarantor GP LLC (6523); Southcross Holdings Guarantor LP (6622); TexStar Midstream GP, LLC (7001); TexStar Midstream Services, LP (7100); TexStar Midstream T/U GP, LLC (3754); and TexStar Midstream Utility, LP (3706). The location of the Debtors' service address is: 1717 Main Street, Dallas, Texas, 75201.

| Name of applicant | Alvarez & Marsal North America, LLC |
|---|---|
| Average hourly rate for professionals | $620.80 |
| Total paraprofessional fees requested in this application | N/A |
| Total actual paraprofessional hours covered by this application | N/A |
| Average hourly rate for paraprofessionals | N/A |
| Reimbursable expenses sought in this application | $12,045.86 |
| Amount of attorneys' fees provided for in plan | N/A |
| Total to be paid to unsecured creditors under the plan | N/A |
| Percentage dividend to unsecured creditors under the plan | N/A |
| Total to be paid to all pre-petition creditors under the plan | N/A |
| Date of any scheduled dismissal hearing | N/A |
| Date of confirmation hearing | April 11, 2016 |
| Indicate whether plan has been confirmed | Confirmed on April 11, 2016. |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| SOUTHCROSS HOLDINGS LP, *et al.*, | § | Case No. 16-20111 (MI) |
| | § | |
| Debtors. | § | Jointly Administered |

_____

**FIRST AND FINAL FEE APPLICATION
OF ALVAREZ & MARSAL NORTH AMERICA, LLC
AS RESTRUCTURING ADVISOR FOR THE DEBTORS AND DEBTORS
IN POSESSION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT
OF EXPENSES FOR THE PERIOD MARCH 27, 2016, THROUGH APRIL 11, 2016**

> **KIRKLAND & ELLIS LLP AND KIRKLAND & ELLIS INTERNATIONAL LLP HAS REQUESTED THAT THE COURT SET THIS APPLICATION FOR HEARING ON JUNE 2, 2016, AT 2:00 P.M., PREVAILING CENTRAL TIME, IN COURTROOM 404, 515 RUSK STREET, HOUSTON, TEXAS 77002.**
>
> **THIS APPLICATION SEEKS ENTRY OF AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE APPLICATION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOUR RESPONSE MUST STATE WHY THE APPLICATION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE APPLICATION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE APPLICATION AT THE HEARING.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.**

TO THE HONORABLE U.S. BANKRUPTCY JUDGE:

COMES NOW Alvarez & Marsal North America, LLC, together with employees of its affiliates (all of which are wholly-owned by its parent company and employees), its wholly owned subsidiaries, and independent contractors (collectively, "**A&M**"), restructuring advisor to Southcross Holdings LP, et al., ("**Southcross**") and its affiliated debtors and debtors-in-

**Page 3**

possession (the "**Debtors**")[1] and files this *First and Final Application for Allowance of Compensation and Reimbursement of Expenses for the Period March 27, 2016, Through April 11, 2016* (the "**Fee Application**").  In support of the Fee Application, A&M respectfully states:

## I.  INTRODUCTION

1. Pursuant to sections 330 and 331 of Title 11 of the United States Code, 11 U.S.C. §§101 *et al.* (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rules 2014-1 and 2016-1 of the Bankruptcy Local Rules of the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Local Rules**")*,* A&M seeks final approval for payment and allowance of its fees for professional services rendered and reimbursement of expenses incurred for the time period from March 27, 2016 through April 11, 2016 (the "**Application Period**").  The Final Compensation and Reimbursements includes $249,587.50 for fees and $12,872.14 for expenses incurred during the Application Period.

2. The following Exhibits are attached in support of this Fee Application, and are fully incorporated herein for all purposes:

| Exhibit | Description |
|---|---|
| A | Billing Summary Per Professional |
| B | Summary of Time Detail by Task |
| C | Summary of Expenses |
| D | Time Detail by Professional |
| E | Expense Detail by Professional |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Southcross Holdings LP (7700); Frio LaSalle GP, LLC (9882); Frio LaSalle Pipeline, LP (9792); Southcross Holdings Borrower GP LLC (6790); Southcross Holdings Borrower LP (6880); Southcross Holdings GP LLC (2020); Southcross Holdings Guarantor GP LLC (6523); Southcross Holdings Guarantor LP (6622); TexStar Midstream GP, LLC (7001); TexStar Midstream Services, LP (7100); TexStar Midstream T/U GP, LLC (3754); and TexStar Midstream Utility, LP (3706). The location of the Debtors' service address is: 1717 Main Street, Dallas, Texas, 75201.

## II.  JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1334 and 157. This Fee Application involves a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A). Venue is proper in this Court pursuant to 28 U.S.C. §§1408 and 1409.

4. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

## III.  BACKGROUND

5. On March 27, 2016 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"). Pursuant to this Court's order authorizing the joint administration and procedural consolidation of the Debtors' chapter 11 cases pursuant to Bankruptcy Rule 1015(b), the Debtors' cases (the "**Cases**") are being jointly administered. [Docket. No. 27].

6. The Debtors remain in possession of their property and are, operating their business as debtors-in-possession, pursuant to section 1107 and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee has been requested or appointed in these chapter 11 cases.

7. A detailed description of the Debtors' business, capital structure, and the events leading to this chapter 11 case is fully set forth in in the *Declaration of Jeffery J. Stegenga in Support of Chapter 11 Petitions and First Day Motions* and the *Declaration of Jason Feintuch in Support of Chapter 11 Petitions and Certain First Day Motions* (the "First Day Declarations"), filed on March 28, 2016 [Docket Nos. 7 and 8], and incorporated herein by reference. The Debtors' post-petition financial results are summarized in the monthly operating reports that are filed with the Court and are incorporated herein by reference.

## IV.  RETENTION OF A&M AND BILLING HISTORY

8. On April 11, 2016, the Debtors filed the *Application of Southcross Holdings LP,* et al., *for Entry of an Order Authorizing the Retention and Employment of Alvarez & Marsal North America, LLC as Restructuring Advisor for the Debtors* Nunc Pro Tunc *to the Petition Date* (the "**Employment Application**").  [Docket No. 176].  The Debtors provided notice of their Employment Application to all known parties–in–interest.  [Docket No. 109].

9. The Employment Application and Declaration of Edgar W. Mosley II (the "**Mosley Declaration**") specified the terms of A&M's retention, including billing rates and expense reimbursement policies, and the experience and qualifications of A&M's professionals.

10. On May 6, 2016, the Court entered the *Order Authorizing the Retention and Employment of Alvarez & Marsal North America, LLC as Restructuring Advisor for the Debtors* Nunc Pro Tunc *to the Petition Date* [Docket No. 229].

11. A summary of the total fees incurred, including hourly rate and total hours expended during the Application Period per professional, is attached hereto as **Exhibit A**, and is fully incorporated herein for all purposes.

## V.  SUMMARY OF PROFESSIONAL SERVICES RENDERED

12. In connection with its engagement as restructuring advisor for the Debtors and in accordance with its internal billing procedures, A&M established the following categories relating to the various subject matter categories of work performed (the "**Categorie**s") by A&M's professionals in connection with these Bankruptcy Cases:

| CODE | DESCRIPTION |
|---|---|
| Category 1 | Bankruptcy Support |
| Category 3 | Cash Management |
| Category 3 | Court |

| CODE | DESCRIPTION |
|---|---|
| Category 4 | Monthly Operating Report and UST Report |
| Category 5 | POR/Disclosure Statement |
| Category 6 | Time Travel |
| Category 7 | Vendor Management |

13. During the Application Period, and in connection with the various and complex issues involved in the administration of the Bankruptcy Cases, A&M expended time and rendered services to the Debtors for each of the Categories that were both necessary and beneficial to the Debtors and their estates, creditors, and other parties-in-interest.  A&M professionals performed work and billed time for each of the Categories as set forth below and as shown in the attached **Exhibit B**.  In further support of the Fee Application, a more detailed and itemized description of the services provided by A&M for each of the Categories is set forth in **Exhibit D**.

A.     **Bankruptcy Support (Category 1)**

14. A&M's services performed relating to this Category included, among other things, advising and assisting the Debtor with matters concerning operating the business under Chapter 11 including motion preparation, and reporting requirements and supporting counsel and others for Chapter 11 related items.  In connection with Category 1, A&M expended approximately 168.9 hours during the Application Period, for a total of $110,642.50.

B.     **Cash Management (Category 2)**

15. A&M's services performed relating to this Category included, among other things, assisting the Debtors with the preparation of information and analyses required pursuant to the Debtor's financing; identification and implementation of short-term cash management procedures; preparation of financial information for distribution to creditors and others, including, but not limited to, cash flow projections and budgets, cash receipts and disbursements

analysis, and analysis of proposed transactions for which Court approval is sought. In connection with Category 2, A&M expended approximately 71.4 hours during the Application Period, for a total of $40,782.50.

C.   **Court (Category 3)**

16.   A&M's services performed relating to this Category included, among other things, preparing for and attending the Debtors' hearings. In connection with Category 3, A&M expended approximately 58.8 hours during the Application Period, for a total of $35,900.00.

D.   **Monthly Operating Report and UST Report (Category 4)**

17.   A&M's services performed relating to this Category included, among other things, assisting the Debtors with the preparation of initial debtor interview requirements, monthly operating reports and any related matters for the US Trustee. In connection with Category 7, A&M expended approximately 34.50 hours during the Application Period, for a total of $20,107.00.

E.   **POR/Disclosure Statement (Category 5)**

18.   A&M's services performed relating to this Category included, among other things, assisting the Debtors with review of analysis and completion of the plan of reorganization and disclosure statement. In connection with Category 8, A&M expended approximately 12.9 hours during the Application Period, for a total of $6,795.00.

F.   **Travel Time (Category 6)**

19.   A&M's services performed relating to this Category included non-working travel on behalf of the Debtors, billed and one-half actual time incurred. In connection with Category 9, A&M expended approximately 18.6 hours during the Application Period, for a total of $12,492.50.

G.   **Vendor Management (Category 7)**

20. A&M's services performed relating to this Category included, among other things, assisting the Debtors with post-petition vendor management including analyzing financial impact of supplier agreements, tracking supplier contraction and pre-petition payment activity, and attend supplier meetings to review and discuss supplier financial status. In connection with Category 10, A&M expended approximately 3.2 hours during the Application Period, for a total of $1,920.00.

## VI.  BASIS FOR ALLOWANCE OF COMPENSATION AND EXPENSES

21. Bankruptcy Code §330 provides that a court may award to a professional person, including the debtors' counsel, reasonable compensation for actual, necessary services. *See* 11 U.S.C. §330(a)(1)(A). In determining the amount of reasonable compensation to award, the court must take into account all relevant factors, including (a) the time spent; (b) rates charged; (c) whether the services were necessary or beneficial in the bankruptcy case, (d) whether the time expended was commensurate with the complexity, importance and nature of the issues or tasks, (e) whether the professional is board certified or has otherwise demonstrated skill and experience in the bankruptcy field, and (f) whether the compensation is reasonable based on customary charges of comparable practitioners in other bankruptcy cases. 11 U.S.C. §330(a)(3)(A). Pursuant to Bankruptcy Code §331, a professional may apply for allowance of compensation on an interim basis. 11 U.S.C. §331.

22. The Fifth Circuit has recognized that the reasonableness of a bankruptcy fee award is further evaluated pursuant to the "Lodestar" method of multiplying the number of hours reasonably spent on the work by the prevailing hourly rate, and adjusting that amount based on consideration of §330 and the *Johnson* factors. *See In re Cahill*, 428 F.3d 536, 539-40 (5th Cir. 2005); *Peele v. Cunningham (In re Texas Securities, Inc.)*, 218 F.3d 443, 445 (5th Cir. 2000); *see also Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir. 1974).

23. The twelve additional *Johnson* factors that courts may consider in adjusting compensation for professionals are: (i) time and labor required for the task; (ii) the novelty and difficulty of the issues involved; (iii) the skill required to properly perform the services; (iv) any resulting preclusion from other employment; (v) customary fees; (vi) whether the professional's fee is fixed or contingent; (vii) time limitations imposed by the client or other circumstances; (viii) the results achieved; (ix) the attorneys' experience, reputation and ability; (x) the undesirability of the case; (xi) the nature and length of the professional relationship with the client; and (xii) awards in similar cases. *See Johnson*, 488 F.2d at 717-19; *see also Cooper Liquor, Inc. v. Adolph Coors Co.*, 684 F.2d 1087 (5th Cir. 1987).

24. In light of the above factors listed in §330 and the *Johnson* factors, A&M submits that the fees and expenses incurred for the Application Period were reasonable and necessary, and should be allowed in their entirety.

**A.  A&M's Time and Labor Expended was Reasonable, Necessary and Commensurate with the Tasks and Issues Involved and the Complexity of the Bankruptcy Cases**

25. *Time and labor required.*  A&M billed a total of 405.1 hours through April 11, 2016 in connection with their engagement as the Debtors' restructuring financial advisor.  A summary of the hours worked and total fees incurred during the Application Period for each Category is attached hereto as **Exhibit B**, and a summary of the tasks performed in connection with each Category is set forth in section "V." above.  A more detailed itemization of the daily tasks performed is submitted as **Exhibit D** to this Fee Application.

26. *Novelty and difficulty of the questions addressed.*  A&M additionally submits that the time it spent in connection with the matters and issues addressed in each Category was commensurate with the importance, novelty and difficulty of the issues and questions addressed. The size of the Debtors' businesses and the large number of creditors and parties-in-interest in

the Bankruptcy Cases contributed to the complexity of the legal matters involved and the time and efforts required from A&M professionals.

27.  *Skill requisite to perform services properly*.  Due to the size and complexity of the Bankruptcy Cases, the services performed by A&M professionals on behalf of the Debtors during the Application Period have required the services of skilled professionals with expertise and specialized background in complex chapter 11 bankruptcy cases.  Wherever possible, A&M utilized professionals at various levels of seniority and experience as appropriate in relation to the complexity and requirements of the task performed.  At all times, A&M's professionals rendered their services economically and without unnecessary duplication of efforts.

28.  *Preclusion of other employment*.  Although A&M's representation of the Debtors often involves matters that are time-critical and require substantial efforts, A&M's representation of the Debtors has not materially precluded A&M from accepting other engagements.

**B.  A&M's Rates are Reasonable and Comparable to Rates of Financial Advisors with Similar Skill and Reputation**

29.  *Fee customarily charged*.  A&M charged the Debtors at or below its customary fees for financial advisory services provided to the Debtors in connection with these Bankruptcy Cases and as disclosed in the Employment Application.  A summary of the number of hours expended and fees incurred per professional is attached hereto as **Exhibit A**.

30.  *Whether the fee is fixed or contingent*.  Although A&M's rates are fixed hourly rates, the fees A&M ultimately recovers are effectively contingent on the ability of the Debtors' estates to recover enough funds to pay the fees.

**C.  A&M's Fees are Consistent with Time Limitations and Results Obtained**

31.  *Time Limitations imposed by client or circumstances.*  The Bankruptcy Cases have presented many time-critical challenges and deadlines, including, among others, preparation and

prosecution of numerous "first day" motions, preparation of Monthly Operating Reports, assisting the Debtors' in the development of their long term projections and cash forecasting, negotiating and preparing documents and other pleadings and filings relating to matters that were critical to the Debtors' Bankruptcy Cases.

32. *Results obtained*. A&M submits that the amount of compensation and reimbursement requested in this Fee Application is consistent with the results obtained in the Bankruptcy Cases. A&M assisted the Debtors in taking necessary actions to maintain the Debtors' business operations with as little interruption as possible, while working towards a prompt and successful reorganization and emergence from bankruptcy, which the Debtors achieved on April 13, 2016.

**D.     A&M's Professionals are Experienced and Well Qualified**

33. *Experience, reputation and ability*. A&M's professionals are well qualified for the work performed on behalf of the Debtors, and specialize in the areas of bankruptcy, finance, accounting, and other matters related to complex chapter 11 reorganizations. Accordingly, A&M has performed the services requested by the Debtors skillfully and efficiently, to the collective benefit of the Debtors, creditors, and all parties-in-interest in these Bankruptcy Cases. In connection with its engagement in the Bankruptcy Cases, and as indicated on **Exhibit A**, A&M has utilized the services of various professionals with a range of experience to employ the proper level of experience – and billing rate – for the particular work performed.

**E.     Nature of Case and A&M's Relationship with the Debtors**

34. *Undesirability of the case*. A&M's representation of the Debtors in these Bankruptcy Cases has not been undesirable except for the risk of nonpayment that renders A&M's compensation effectively contingent.

35. *Nature and length of the professional relationship with the client*. A&M was engaged by the Debtors prior to the Petition Date to provide financial advisory services on

various matters, including corporate and finance matters, pursuing strategic alternatives, and matters involving financial restructuring and insolvency issues, and has utilized its familiarity with the Debtors' businesses to further provide services in a most efficient and effective fashion.

36.  *Awards in similar cases*.  A&M believes that the amount requested pursuant to this Fee Application is consistent with fees charged by similarly skilled professionals for comparable services in other complex chapter 11 bankruptcy cases.  In addition, as set forth above, A&M submits that the rates charged to the Debtors are at or below A&M's customary and usual rates charged, and are within the range of rates customarily charged by other firms with comparable expertise, skills and reputation.

**F.**   **The Expenses A&M Incurred were Actual and Necessary**

37.  A&M incurred a total of $12,045.86 in expenses on behalf of the Debtors in connection with financial advisory services during the Application Period.  A detailed itemization of the expenses incurred is set forth in **Exhibit E**.

38.  In connection with the reimbursement of expenses, and in accordance with A&M's policy for non-bankruptcy clients, A&M charged the actual cost of expenses paid, without any enhancement or other administrative charge.  Accordingly, A&M submits that the expenses it incurred were actual expenses and were necessarily incurred in connection with A&M's rendition of professional services to the Debtors in these Bankruptcy Cases.

WHEREFORE, PREMISES CONSIDERED, A&M respectfully requests that the Court enter an order: (a) approving A&M's fees in the amount of $228,640.00; (b) allowing A&M's actual and necessary expenses in the amount of $12,045.86; (c) authorizing A&M to apply the outstanding retainer in the amount of $114,898.88 and granting such other and further relief to which A&M may be entitled, both at law and in equity

Dated: May 10, 2015

        Respectfully submitted,

**ALVAREZ & MARSAL NORTH AMERICA LLC**

By:  /s/ *Ed Mosley*
Name:   Ed Mosley
Title:    Managing Director

**RESTRUCTURING ADVISORS TO THE DEBTORS AND THE DEBTORS-IN-POSSESSION**

## **CERTIFICATE OF COMPLIANCE**

      I, the professional designated as the "Certifying Professional" with respect to this Fee Application, hereby certify that (1) I have read the foregoing Fee Application, (2) to the best of my knowledge, information and belief, formed after reasonable inquiry, the compensation and reimbursement sought is in conformity with the Guidelines for Compensation and Expense Reimbursement of Professionals provided in this District's General Order in the Matter of Procedures for Complex Chapter 11 Cases, and (3) the compensation and expense reimbursement requested are billed at rates in accordance with practices no less favorable than those customarily employed by Alvarez & Marsal North America, LLC and generally accepted by clients of Alvarez & Marsal North America, LLC for similar services.

      /s/ *Ed Mosley*
      Name:  Ed Mosley
      Title:   Managing Director

      **ALVAREZ & MARSAL NORTH AMERICA LLC**

**Certificate of Service**

      I certify that on May 10, 2016, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                                  */s/ Zack A. Clement*
                                                  One of Counsel